# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, In His Capacity as Court-Appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion and Coin, Inc.,<br><br>        Plaintiff,<br>v.<br><br>Claude Williams, Jr. individually and d/b/a Realty Associates and d/b/a Williams Grandchildren's Partnership; Realty Associates, and Williams Grandchildren's Partnership,<br><br>        Defendants. | Civil Action No. 8:15-cv-03633-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed Receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed the instant action against Defendants Claude Williams, Jr. ("Williams"[1]) individually and d/b/a Realty Associates and d/b/a Williams Grandchildren's Partnership; Realty Associates ("RA"), and Williams Grandchildren's Partnership ("WGP") (collectively "Defendants") to recover grossly excessive payments received by Defendants as a return on their investment in the Wilson-AB&C Ponzi scheme.[2]  (ECF No. 1.)

---

[1] Williams asserts that he has been incorrectly identified as Claude Williams, Jr. individually and d/b/a Realty Associates and d/b/a Williams Grandchildren's Partnership in that he "has never done business as either Realty Associates or Williams Grandchildren's Partnerships."  (ECF No. 10 at 3 ¶ F.)  Therefore, the court **ORDERS** the Clerk to change the caption in the docket to reflect Defendants as Claude Williams, Jr., Realty Associates, and Williams Grandchildren's Partnership.

[2] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program."  United States v. Wilson, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012).  In Wilson, the United States alleged that Wilson, through AB&C, "orchestrated a

1

This matter is before the court as a result of Defendants' Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.) Plaintiff opposes Defendants' Motion to Dismiss in its entirety. (ECF No. 16.) For the reasons set forth below, the court **DENIES** Defendants' Motion to Dismiss.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff is the court appointed Receiver in In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., C/A No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to the instant matter. Plaintiff alleges that "[o]n September 7, 2007, Williams, individually, or on behalf of RA and/or WGP made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $52,250.00." (ECF No. 1 at 5 ¶ 26.) "Subsequently, Williams, individually, or on behalf of RA and/or WGP made additional 'investments' totaling $715,110.00 between May 2008 and February 2009, for a total investment of $767,360.00." (Id. at ¶ 27.) Plaintiff further alleges that "Williams, individually, or on behalf of RA and/or WGP received $1,056,952.00 in returns [from the Wilson-AB&C Ponzi scheme] between December 2008 and June 2009, resulting in a profit of $289,592.00." (Id. at ¶ 28.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced the instant action against Defendants on September 10, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (2014) and/or the Georgia Uniform Fraudulent Transfer Act, Ga. Code Ann. §§ 18-2-70–18-2-80) and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 39–7 ¶ 53.) On November 30, 2015, Defendants filed the instant

---

Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return–sometimes in excess of 200 percent. Id. at ECF No. 17 at 1.

Motion to Dismiss. (ECF No. 8.) Thereafter, on December 17, 2015, Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 16), to which Defendants filed a Reply Brief in Support of Motion to Dismiss (ECF No. 17) on January 4, 2016.

## II.     JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. § 1331 pursuant to Plaintiff's allegation that the Complaint "is so related to the In Re Receiver, 8:12-CV-2078-JMC case and the underlying criminal case, United States v. Wilson, et al, 8:12-cr-00320[,]" cases in which the court has jurisdiction, "that it forms part of the underlying case or controversy." (ECF No. 1 at 1 ¶ 3.) The court may properly hear Plaintiff's state law claims for fraudulent transfer and unjust enrichment based on supplemental jurisdiction since these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

## III.     LEGAL STANDARD

A.     Motions to Dismiss for Lack of Personal Jurisdiction

When a defendant challenges the court's personal jurisdiction under Rule 12(b)(2), plaintiff has the burden of proving that jurisdiction exists "by a preponderance of the evidence." In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). "[W]hen, as here, a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt at trial of evidence relevant to the jurisdictional issue, but rather relies on the complaint and affidavits alone, 'the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge.'" Id.; see also New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir.

3

2005) (noting that a plaintiff need only make a prima facie showing of jurisdiction when the court does not conduct an evidentiary hearing). In deciding whether plaintiff has met this burden, the court construes all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment. Magic Toyota, Inc. v. Se. Toyota Distribs., Inc., 784 F. Supp. 306, 310 (D.S.C. 1992).

B.      Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must

4

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

## IV.   ANALYSIS

A.   Dismissal for Lack of Personal Jurisdiction

*1. The Parties' Arguments*

Defendants argue that the court lacks personal jurisdiction over them because Plaintiff failed to timely file copies of the complaint and the order of appointment in the Middle District of Georgia within 10 days of his appointment. (ECF No. 8 at 4–5.) In support of this argument, Defendants assert that "[t]he entry date of the Order of appointment was July 25, 2012 and the date that the Order of appointment was filed in the Middle District of Georgia was August 7, 2012, which is thirteen days later." (Id. at 5.) Defendants further assert that pursuant to the jurisdictional prerequisites of 28 U.S.C. § 754, Plaintiff's late filing divests him of any claim against them in this court. (Id.) Additionally, Defendants assert that the documents filed by Plaintiff in the Middle District of Georgia do not establish this court's jurisdiction because (1) they fail to satisfy § 754 based on their noncompliance with the pleading requirements of Rules 3, 7, and 8 of the Federal Rules of Civil Procedure and (2) they were not served on Defendants within 120 days of filing as required by Rules 4(m) and 4(n) of the Federal Rules of Civil Procedure. (ECF No. 8 at 5–6.)

Plaintiff argues that Defendants' Motion should be denied because he timely filed an Amended Order of Appointment and Criminal Information in the Middle District of Georgia

within 10 days of his amended appointment as required by 28 U.S.C. § 754.  (ECF No. 16 at 3.) Plaintiff further argues that the Criminal Information was the correctly filed document under § 754 because it gave rise to the receivership.  (Id. at 4.)

In their Reply Brief, Defendants argue that the application of § 754 is erroneous because Plaintiff filed the Criminal Information instead of the Complaint in the Middle District of Georgia.  (ECF No. 17 at 3.)

*2.  The Court's Review*

Defendants move for dismissal on the basis that in personam jurisdiction over them is lacking because Plaintiff failed to comply with the filing requirements of 28 U.S.C. § 754.[3] (ECF No. 8 at 4–6.)

---

[3] 28 U.S.C. § 754 provides as follows:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

Id. at § 754.  28 U.S.C. § 1692 further provides that "[i]n proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts."  Id. "Through the interaction of sections 754 and 1692 the receivership court acquires both in rem and in personam jurisdictions in all districts where section 754 filings are timely made." Quilling v. Cristell, No. Civ.A. 304CV252, 2006 WL 316981, at *2 (W.D.N.C. Feb. 9, 2006). Specifically, the receiver establishes "personal jurisdiction over non-forum defendants in the receivership court pursuant to Rule 4(k)(1)(C) because 28 U.S.C. § 1692 authorizes nationwide service of process, provided the assertion of jurisdiction is compatible with due process under the

6

In this matter, the court appointed Plaintiff Receiver on July 25, 2012. In Re: Wilson, C/A No. 8:12-cv-02078-JMC, ECF No. 1. Plaintiff filed copies of the Order Appointing Receiver and the Criminal Information regarding the Wilson-AB&C Ponzi scheme in the United States District Court for the Middle District of Georgia, where Defendants are located, on August 7, 2012.[4] United States v. Wilson, M/C No. 5:12-mc-00010, ECF No. 1 (M.D. Ga. Aug. 7, 2012). Approximately 3 years thereafter, the court entered a Fourth Amended Order of Appointment as to Plaintiff on October 29, 2015. (ECF No. 164.) On November 3, 2015, Plaintiff filed copies of the Fourth Amended Order Appointing Receiver and the Criminal Information regarding the Wilson-AB&C Ponzi scheme in the United States District Court for the Middle District of Georgia. United States v. Wilson, M/C No. 5:15-mc-00015-LJA, ECF No. 1 (M.D. Ga. Nov. 3, 2015).

Upon review of the aforementioned chronology, the court concludes that Plaintiff has satisfied the 10-day filing requirement of § 754. The court reaches this conclusion because it considers Plaintiff's November 3, 2015 filing to be timely under § 754 as to Defendants. In this regard, the court views the filing of the Fourth Amended Order of Appointment as an act that restarts the statutory 10-day clock. See, e.g., SEC v. Vision Commc'ns, Inc., 74 F.3d 287, 291 (D.C. Cir. 1996) ("[T]he court may reappoint the receiver and start the ten-day clock of § 754 ticking once again."); SEC v. Equity Serv. Corp., 632 F.2d 1092, 1095 (3d Cir. 1980) ("Viewing the purpose of section 754 in this light, it seems most consistent with that purpose to permit a receiver who has failed to file within the ten-day period to reassume jurisdiction by a later filing,

---

Fifth Amendment of the United States Constitution." Yancy v. Int'l Fid. Ins. Co., Case No. 1:16-cv-0057, 2016 WL 2997375, at *3 (E.D. Va. May 25, 2016) (citation omitted).
[4] The court observes that correspondence attached to the filing was dated August 1, 2012. United States v. Wilson, M/C No. 5:12-mc-00010, ECF No. 1-3 (M.D. Ga. Aug. 7, 2012).

7

as long as the rights of others have not been prejudiced during the intervening period.").[5]

Additionally, even though "complaint" is not defined in § 754, the court is satisfied that the Criminal Information complies with the intent of the statute because it is the document that created the receivership and provides express notice of the basis for the appointment.  E.g., United States v. Bradley, No. 405CR059, 2008 WL 228064, at *11 (S.D. Ga. Jan. 25, 2008) ("28 U.S.C. § 754 and § 1692 work with F. R. Civ. P. 4(k)(l)(D) and contemplate that a receiver in effect 'domesticate' her receivership in any federal judicial district in which she seeks to retrieve receivership estate property.  "Domestication" occurs by filing a copy of the underlying complaint or indictment (from the case which generated the receivership), along with the order appointing her, in the district court for each judicial district in which property is located.").

Moreover, it appears to the court that Plaintiff effectuated timely service of the Complaint on Defendants under Rule 4(m) of the Federal Rules of Civil Procedure.  Specifically, Plaintiff filed the Complaint on September 10, 2015 (ECF No. 1), and Defendants were served 58 days later on November 6, 2015.  (See ECF Nos. 7 & 7-1.)

Therefore, upon consideration of the foregoing, the court finds that the statutory requirements for personal jurisdiction over Defendants under § 754 are satisfied and they are not entitled to dismissal of the action under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

B.     Dismissal Pursuant to the Statute of Limitations

   *1.  The Parties' Arguments*

Defendants contend that the matter should be dismissed because the claims asserted by Plaintiff are foreclosed by the applicable statutes of limitations.  (ECF No. 8 at 7–8.) Specifically, Defendants assert that there is a 3 year statute of limitations on the claims for unjust

---

[5] Defendants did not expressly address prejudice resulting from the later filing and the requisite prejudice to Defendants is not apparent from the record.

enrichment and fraudulent conveyance in violation of the Statute of Elizabeth and a 4 year statute of limitations for a violation of the Georgia Uniform Fraudulent Transfer Act. (Id. at 7 (citing S.C. Ann. § 15-3-530; PCS Nitrogen, Inc. v. Ross Dev. Corp., 2:09-cv-03171-MBS, 2015 U.S. Dist. LEXIS 111963 (D.S.C. Aug. 23, 2015); Huggins v. Powell, 726 S.E.2d 730 (Ga. Ct. App. 2012)).) Defendants further assert that because the last payment made to them occurred on June 2, 2009 (ECF No. 1-1 at 1) and the Order of Appointment was filed on August 7, 2012, the action against them is untimely as to all claims because the Complaint was not filed until September 10, 2015. (ECF No. 8 at 7.)

In response to Defendant's contentions regarding the timeliness of the lawsuit, Plaintiff asserts that the Complaint was filed within 3 months of his appointment which "is well within a reasonable amount of time for the Receiver to discover the possibility of a lawsuit against Defendants as the Ponzi scheme involved tens of millions of dollars and hundreds of investors." (ECF No. 16 at 5.) Additionally, Plaintiff argues that "the issues presented by Defendants in relation to the statute of limitations involve issues of fact and are not appropriately raised in a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure." (ECF No. 16 at 6.)

2. *The Court's Review*

Defendants move to dismiss the Complaint arguing that Plaintiff's claims are time-barred based on the applicable statutes of limitations. (ECF No. 8 at 6–8.)

A defendant can raise a statute of limitations affirmative defense in a motion under Federal Rule of Civil Procedure 12(b)(6). El Hadidi v. Intracoastal Land Sales, Inc., C/A No. 4:12-cv-00535-RBH, 2013 WL 625575, at *2 (D.S.C. Feb. 20, 2013). A statute of limitations defense must "clearly appear[] on the face of the complaint." Richmond, Fredricksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). In other words, the complaint must

9

clearly "allege all facts necessary to the affirmative defense." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (citing Forst, 4 F.3d at 250).

In ascertaining whether Plaintiff's claims are time-barred, the court observes that it is governed by a three-year statute of limitations in South Carolina for both of Plaintiff's claims.[6] S.C. Code Ann. § 15-3-530(1), (7) (2016); see also Rumpf v. Mass. Mut. Life Ins. Co., 593 S.E.2d 183, 187 (S.C. Ct. App. 2004) (stating "[i]n determining when a cause of action arose under section 15-3-530, we apply the 'discovery rule'") (citations omitted).  This statute of limitations is modified by the "discovery rule" wherein "the statute of limitations [only] begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." True v. Monteith, 489 S.E.2d 615, 616 (S.C. 1997).

Plaintiff was appointed Receiver in this matter on July 25, 2012. In Re: Wilson, C/A No. 8:12-cv-02078-JMC, ECF No. 1. Plaintiff filed the Complaint against Defendants on September 10, 2015 (ECF No. 1), more than 3 years after the date he was appointed Receiver by the court. Based on the foregoing, the applicable statute of limitations in South Carolina bars Plaintiffs' claims against Defendants unless the discovery rule tolled the limitations period. At this stage of the litigation, and after viewing the Complaint's allegations in the light most favorable to Plaintiff, the court is unable to determine from the Complaint's allegations that Plaintiff knew or reasonably should have known of the claims against Defendants on the date the court appointed Plaintiff as Receiver. E.g., Taylor v. U.S. Bank Nat'l Ass'n, C/A No. H-12-3550, 2015 WL 507526, at *7 (S.D. Tex. Feb. 6, 2015) ("Therefore, to prevail on a statute of limitations defense

---

[6] The court notes that if Plaintiff's claim for fraudulent conveyance in violation of the Statute of Elizabeth is found to be timely in the context of a 3-year statute of limitations, obviously the claim would be timely if choice of law principles require the court to adjudicate the claim as a violation of the Georgia Uniform Fraudulent Transfer Act and its 4-year statute of limitations.

10

when the discovery rule has been asserted in a receivership case, the defendant must present evidence to conclusively show that the receiver knew or could have reasonably known about the harm and for a time period longer than the statute of limitations before he filed suit.") (citing <u>Janvey v. Democratic Senatorial Campaign Comm., Inc.</u>, 712 F.3d 185, 193–94 (5th Cir. 2013)). Accordingly, the court finds that Defendants are not entitled to dismissal of the Complaint based on the statute of limitations.

## V.     CONCLUSION

Upon careful consideration of the parties' arguments and for the reasons set forth above, the court hereby **DENIES WITHOUT PREJUDICE** the Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 8) of Defendants Claude Williams, Jr., Realty Associates, and Williams Grandchildren's Partnership.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 25, 2016
Columbia, South Carolina