# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, In His Capacity as Court-Appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion and Coin, Inc., | Civil Action No. 8:15-cv-03633-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Claude Williams, Jr., Realty Associates, and Williams Grandchildren's Partnership, | |
| Defendants. | |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed Receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed the instant action against Defendants Claude Williams, Jr. ("Williams"), Realty Associates ("RA"), and Williams Grandchildren's Partnership ("WGP") (collectively "Defendants") to recover grossly excessive payments received by Defendants as a return on their investment in the Wilson-AB&C Ponzi scheme.[1] (ECF No. 1.)

This matter is before the court on Defendants' Motion to Reconsider (ECF No. 27) the Order entered by the court on August 25, 2016 (the "August Order"), denying without prejudice Defendants' Motion to Dismiss (ECF No. 8) Plaintiff's Complaint. (ECF No. 20 at 11.) Plaintiff

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." United States v. Wilson, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In Wilson, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return–sometimes in excess of 200 percent. Id. at ECF No. 17 at 1.

1

opposes Defendants' Motion asserting that it "is without merit." (ECF No. 28 at 5.) For the reasons set forth below, the court **DENIES** Defendants' Motion to Reconsider.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff is the court appointed Receiver in In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., C/A No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to the instant matter. Plaintiff alleges that "[o]n September 7, 2007, Williams, individually, or on behalf of RA and/or WGP made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $52,250.00." (ECF No. 1 at 5 ¶ 26.) "Subsequently, Williams, individually, or on behalf of RA and/or WGP made additional 'investments' totaling $715,110.00 between May 2008 and February 2009, for a total investment of $767,360.00." (Id. at ¶ 27.) Plaintiff further alleges that "Williams, individually, or on behalf of RA and/or WGP received $1,056,952.00 in returns [from the Wilson-AB&C Ponzi scheme] between December 2008 and June 2009, resulting in a profit of $289,592.00." (Id. at ¶ 28.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced the instant action against Defendants on September 10, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (2014) and/or the Georgia Uniform Fraudulent Transfer Act ("GUFTA"), Ga. Code Ann. §§ 18-2-70–18-2-80) and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 39–7 ¶ 53.) On November 30, 2015, Defendants filed a Motion to Dismiss pursuant to Rules[2] 12(b)(2) and 12(b)(6). (ECF No. 8.) Thereafter, on December 17, 2015, Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 16), to which Defendants filed a Reply Brief in Support of Motion to Dismiss (ECF No. 17) on January 4, 2016. After the court entered the August Order, Defendants moved

---

[2] The court observes that "rule" refers to the Federal Rules of Civil Procedure.

for reconsideration on September 22, 2016.  (ECF No. 27.)

## II.     JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. § 1331 pursuant to Plaintiff's allegation that the Complaint "is so related to the In Re Receiver, 8:12-CV-2078-JMC case and the underlying criminal case, United States v. Wilson, et al, 8:12-cr-00320[,]" cases in which the court has jurisdiction, "that it forms part of the underlying case or controversy."  (ECF No. 1 at 1 ¶ 3.)  The court may properly hear Plaintiff's state law claims for fraudulent transfer and unjust enrichment based on supplemental jurisdiction since these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).

## III.    LEGAL STANDARD AND ANALYSIS

In their Motion to Reconsider, Defendants did not identify the basis for their request.  The court agrees with Plaintiff that Rule 54(b) provides the only appropriate avenue for the relief Defendants seek at this time.  (See ECF No. 28 at 2–3.)

A.     Applicable Standard under Rule 54(b)

Rule 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Id.  Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted."  Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); see also Moses H.

3

Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, 326 F.3d at 514; see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54"). In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance. See U.S. Home Corp. v. Settlers Crossing, LLC, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co., C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); Akeva L.L.C. v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Beyond Sys., Inc. v. Kraft Foods, Inc., C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[] interlocutory order.") (citing Am. Canoe Ass'n, 326 F.3d at 514).

B.     The Parties' Arguments

In their Motion to Reconsider, Defendants initially observe that South Carolina's choice of law provisions require the court to "apply South Carolina's statute of limitations to the Statute of Elizabeth and the equitable claim of unjust enrichment" and the Georgia limitations period to

4

any substantive requirement of the GUFTA claim. (ECF No. 27 at 3.) Defendants then observe that the court erroneously applied "the standard that Texas courts use for a Receiver under the Texas Uniform Fraudulent Transfer Act rather than South Carolina's standard for when the limitations period begins to run." (Id. at 3–4.) Defendants further observe that Plaintiff was on "inquiry notice that a loss may have been suffered" at the time of his appointment on July 25, 2012, but he did not file suit until September 10, 2015. (ECF No. 27 at 1–2.) Based on their observations, Defendants argue that because Plaintiff filed his Complaint more than three years after he was put on notice that some claim might exist against them, the court should have dismissed Plaintiff's claims for fraudulent transfer in violation of the Statute of Elizabeth and unjust enrichment based on the statute of limitations in South Carolina applicable to these causes of action. (Id. at 4–5.) As to the alternative claim for fraudulent transfer under GUFTA, Defendants further argue that the action is untimely because their last withdrawal from AB&C occurred "more than four years prior to the date the Complaint was filed" and "more than one year after the transfer could reasonably have been discovered by the Receiver." (Id. at 6 (citing Ga. Code Ann. § 18-2-79 (2010)[3]).)

Plaintiff opposes the Motion to Reconsider asserting that Defendants have failed to allege "any change in controlling law," or "new evidence" or "clear error of law nor manifest injustice." (ECF No. 28 at 4.) Plaintiff further asserts that Defendants do not provide an appropriate basis to reconsider the August Order in arguing "for the first time that the Court

---

[3] "A cause of action with respect to a fraudulent transfer or obligation under this article is extinguished unless action is brought: (1) Under paragraph (1) of subsection (a) of Code Section 18-2-74, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant; (2) Under paragraph (2) of subsection (a) of Code Section 18-2-74 or subsection (a) of Code Section 18-2-75, within four years after the transfer was made or the obligation was incurred; or (3) Under subsection (b) of Code Section 18-2-75, within one year after the transfer was made or the obligation was incurred." Ga. Code Ann. § 18-2-79 (2010).

5

should engage in a choice of law analysis and that under Georgia law the Receiver's claims are barred by the statute of limitations" and by rearguing "that the Receiver's claims are barred by the South Carolina statute of limitations."  (Id.)  In this regard, Plaintiff argues that "[t]he law makes clear that motions to reconsider under Rule 54(b) are not opportunities to make new arguments nor 'rehash issues already ruled upon because a litigant is displeased with the result.'" (ECF No. 28 at 4 (quoting Nix v. Holbrook, C/A No. 5:13-cv-02173-JMC, 2015 WL 1958745, at *2 (D.S.C. Apr. 30, 2015)).)

C.    The Court's Review

Defendants expressly state that they seek reconsideration "to correct a clear error of law and to prevent manifest injustice."  (ECF No. 32 at 2.)  They assert that the court is holding Defendants "to a Texas standard when they are Georgia residents who invested in South Carolina."  (Id. at 3.)  Upon review of the August Order as a result of Defendants' Motion, the court observes that the decision to deny Defendants' Motion to Dismiss pursuant to the statute of limitations was based on the applicability of the "discovery rule."  (See ECF No. 20 at 10.)  The discovery rule is a principle that exists under South Carolina common law.  See, e.g., True v. Monteith, 489 S.E.2d 615, 616 (S.C. 1997).  Therefore, the court does not find merit in Defendants' contention that the court applied "the standard used by a Texas District Court in evaluating the Texas Uniform Fraudulent Transfer Act to the running of the statute of limitations in South Carolina under the Statute of Elizabeth and common law unjust enrichment."  (ECF No. 32 at 4.)

Other than their arguments regarding court's alleged usage of a Texas law standard, Defendants' Motion to Reconsider added very little new substantive argument to what they already presented to support dismissal of Plaintiff's claims.  (Compare ECF Nos. 8 & 17 with 27

6

& 32.)  A Rule 54(b) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result.  U.S. Home Corp. v. Settlers Crossing, LLC, C/A No. DKC 08–1863, 2012 WL 5193835, at *3 (D. Md. Oct. 18, 2012) ("A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court.")  In this regard, the court is not persuaded that reconsideration is appropriate based on arguments that it has already considered and rejected summarily.  Therefore, because Defendants have presented relatively little new substantive argument on the aforementioned issues, the court's conclusion remains unchanged.  Accordingly, the court must deny Defendants' Motion to Reconsider.

## IV.     CONCLUSION

Upon careful consideration of the parties' arguments and for the reasons set forth above, the court hereby **DENIES** the Motion to Reconsider (ECF No. 27) of Defendants Claude Williams, Jr., Realty Associates, and Williams Grandchildren's Partnership.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 3, 2017
Columbia, South Carolina