# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, *in his capacity as court-appointed receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.,* | ) )  Civil Action No. 8:15-cv-03633-JMC ) ) |
| Plaintiff, | ) ) |
| v. | )  **ORDER AND OPINION** ) |
| Claude Williams, Jr., Realty Associates, and Williams Grandchildren's Partnership, | ) ) ) |
| Defendants. | ) ) |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed the instant action against Defendants Claude Williams, Jr., Realty Associates, and Williams Grandchildren's Partnership (together, "Defendants") to recover grossly excessive payments received by Defendants as a return on their investment in the Wilson-AB&C Ponzi scheme.[1]

This matter is before the court on Plaintiff's Motion to Compel. (ECF No. 34.) Specifically, Plaintiff requests that Defendants submit responses to Plaintiff's First Set of Interrogatories 6 through 10 (ECF No. 34-1 at 2-3) and produce documents in compliance with

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." *United States v. Wilson*, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In *Wilson*, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return–sometimes in excess of 200 percent. (*Id.* at 1.)

Plaintiff's First Set of Requests to Produce Numbers 6 and 7. (ECF 34-4 at 1-3.) Defendants oppose Plaintiff's Motion to Compel. (ECF Nos. 36, 37, 38.) [2] For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel.

## I. RELEVANT BACKGROUND

Plaintiff is the court appointed Receiver in *In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.*, C/A No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to the instant matter. Pursuant to his duties as Receiver, Plaintiff seeks to recover $289,592.00 in what he claims are grossly excessive profits that Defendants received from Wilson and AB&C. (ECF No. 1)

On September 28, 2016, Plaintiff served his First Set of Interrogatories and First Set of Requests to Produce on Defendant. (*See* ECF Nos. 34-1 & 34-4 at 1-3.) On November 28, 2015, Defendants submitted answers/responses to the interrogatories and requests to produce. (ECF Nos. 34-2 & 34-4). Defendants specifically object to answering the following interrogatory requests seeking disclosure of their assets:

> **Interrogatory No. 6:** Identify for the past eight (8) years, and with specificity, all assets (owned, in whole or in part by Defendant), including, but not limited to, real property, personal property, bank and other financial accounts, investment accounts, automobiles, life insurance policies, stocks and bonds, offshore assets, and annuities.
>
> ANSWER: Defendant objects to this request as it is not proportional to the needs of the case as it is not relevant to resolving the issues in the case. Defendant further objects to this Interrogatory as it is not narrowly tailored to request relevant information. Defendant additionally objects to this request to produce as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is in violation of Defendant's due process rights.
>
> **Interrogatory No. 7:** For each asset, state with particularity if any amount of

---

[2] All three Defendants submitted separate discovery responses and objections. These responses and objections are the same and thus the Court addresses them collectively in this order.

money is owed or lien outstanding, and the name of the credit holder (i.e. bank, mortgage lender) for each asset.

ANSWER: Defendant objects to this request as it is not proportional to the needs of the case as it is not relevant to resolving the issues in the case. Defendant further objects to this Interrogatory as it is not narrowly tailored to request relevant information. Defendant additionally objects to this request to produce as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is in violation of Defendant's due process rights. Notwithstanding this objection, none.

**Interrogatory No. 8:** Identify any and all assets owned or acquired within the last eight (8) years with money received from Ronnie Gene Wilson ("Wilson") and/or Atlantic Bullion & Coin ("AB&C") whether by payout or otherwise, including any asset that was purchased outright with Wilson/AB&C funds or the value of which was enhanced or equity increased by Wilson/AB&C funds.

ANSWER: Defendant objects to this request as it is not proportional to the needs of the case as it is not relevant to resolving the issues in the case. Defendant further objects to this Interrogatory as it is not narrowly tailored to request relevant information. Defendant additionally objects to this request to produce as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is in violation of Defendant's due process rights. Notwithstanding this objection, none.

**Interrogatory No. 9:** Identify any and all assets owned or acquired with money received from Wilson and/or AB&C whether by payout or otherwise, including any asset that was purchased outright with Wilson/AB&C funds or the value of which was enhanced or equity increased by Wilson/AB&C funds that were transferred or sold in the last eight (8) years.

ANSWER: Defendant objects to this request as it is not proportional to the needs of the case as it is not relevant to resolving the issues in the case. Defendant further objects to this Interrogatory as it is not narrowly tailored to request relevant information. Defendant additionally objects to this request to produce as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is in violation of Defendant's due process rights. Notwithstanding this objection, none.

**Interrogatory No. 10**: Identify for the past eight (8) years, and with specificity, all investments, including, but not limited to, 401(K) plans, pension plans, and foreign investments, including the current balance for each plan or account.

ANSWER: Defendant objects to this request as it is not proportional to the needs of the case as it is not relevant to resolving the issues in the case. Defendant further objects to this Interrogatory as it is not narrowly tailored to request relevant information. Defendant additionally objects to this request to produce as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is in violation of Defendant's due process rights.

(ECF Nos. 34-2 at 4-5.) Defendants also object to responding to the following production requests seeking disclosure of their assets:

**Request for Production No. 6:** Copies of any and all documents related to any and all assets in your name or control for the past five years, including, but not limited to, documents that demonstrate ownership of real property, liens to real property, ownership of personal property, copies of stock certificates, and copies of bank statements.

RESPONSE: Defendant objects to this request as it is not proportional to the needs of the case as it is not relevant to resolving the issues in the case. Defendant further objects to this Interrogatory as it is not narrowly tailored to request relevant information. Defendant additionally objects to this request to produce as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is in violation of Defendant's due process rights.

**Request for Production No. 7:** Copies of any and all documents that demonstrate the transfer of assets from you to another person or entity within the last five years.

RESPONSE: Defendant objects to this request as it is not proportional to the needs of the case as it is not relevant to resolving the issues in the case. Defendant further objects to this Interrogatory as it is not narrowly tailored to request relevant information. Defendant additionally objects to this request to produce as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is in violation of Defendant's due process rights.

(ECF No. 34-4 at 2.)

After reviewing Defendant's objections to the discovery requests, Plaintiff filed the instant Motion to Compel on December 21, 2016. (ECF No. 34.) Defendants filed a Response in

Opposition to Plaintiff's Motion to Compel (ECF Nos. 36, 37, 38) on January 4, 2016, requesting that the court deny the Motion to Compel as to Interrogatories Nos. 6 through #10 and Requests to Produce Nos. 6 and 7, because this discovery seeks information as to Defendants' assets that are "in no way relevant to any claim in this case." (ECF No. 36 at 5.) On January 11, 2017, Plaintiff filed a Reply (ECF No. 39) asserting that Defendants are only making arguments that this court has found unpersuasive in other actions filed by Plaintiff in his role as the Receiver.

## II. LEGAL STANDARD

A.   Discovery Generally

The amended Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992). Nevertheless, discovery is not limitless, and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.   Motions to Compel

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. *See, e.g.*, *Lone

*Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion" (internal citation omitted.)); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."). In applying Rule 26's broad discovery, a party objecting to discovery must first show that the information sought is not relevant before showing that it is not proportional to the needs of the case. *Polycarpe v. Seterus, Inc.,* No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *9 (M.D. Fla. May 23, 2017) ("proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case.") Additionally, the party resisting a discovery request bears the burden of persuading the court that the requested information is outside the scope of discovery. *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys.*, 2011 U.S. Dist. LEXIS 65422, at *20-21(M.D.N.C 2011) (collecting cases in the Fourth Circuit).

## II. ANALYSIS

The court observes that Defendants have provided answers for Interrogatories 7, 8, and 9, and Plaintiff has not explained why a further answer is needed. For this reason, the court **DENIES** Plaintiff's Motion to Compel answers to these interrogatories as moot.

The court observes that Plaintiff, as the Receiver in *In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.*, has been empowered to institute legal proceedings "against those individuals, corporations, agencies, partnerships, associations and/or unincorporated organizations, that the Receiver may claim to have wrongfully, illegally or otherwise improperly be in the possession of or misappropriated/transferred monies or other proceeds directly or

indirectly traceable from investors in the Ponzi scheme . . . ." C/A No. 8:12-cv-02078-JMC, ECF No. 43 at 3 ¶ 2. Here, in order to determine whether Defendants are in possession of monies or proceeds traceable to the Wilson-AB&C Ponzi scheme, evidence regarding Defendants' earnings and/or assets during the period of time at issue may be relevant in establishing possession of such monies or proceeds, or could reasonably lead to relevant admissible evidence.

Since the information sough is relevant, the court overrules Defendants' objections to the First Set of Interrogatories Nos. 6 through 10 and First Set of Requests to Produce Nos. 6 and 7. Furthermore, because they have only argued relevance and not sufficiently argued proportionality, Defendants have not met their burden under Rule 26. In their Response, Defendants vaguely argue that Plaintiff has not shown how his request is proportional to the needs of the case. (ECF No. 38 at 2). The burden of showing proportionality, though, is on Defendants and not on Plaintiff. To the extent that Defendants have argued proportionality, their arguments are wholly dependent on their incorrect relevancy arguments. Moreover, Defendants' proportionality objections are mere boilerplate language and such "boilerplate" language in a discovery objection cannot overcome the broad scope of discovery as contemplated by Rule 26. *See Murray Sheet Metal Co., Inc.*, 967 F.2d at 983 ("[T]he discovery rules are given a 'broad and liberal treatment.'") (quoting *Hickman*, 329 U.S. at 507); *See also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (noting that the addition of "proportionality" language is not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional.") Because Defendants have not met their burden to make the requisite showing, the court **GRANTS** Plaintiff's Motion to Compel in regard to Interrogatories 6 and 10 and Requests to Produce Nos. 6 and 7.

## IV. CONCLUSION

For the reasons set forth above, the court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel.[3] (ECF No. 34.) Defendants shall provide appropriate answers to the First Set of Interrogatories Nos. 6 and 10 and produce documents in their possession responsive to the First Set of Requests to Produce Nos. 6 and 7. Defendant's must comply with this Order on or before June 19, 2017. The court **DENIES WITHOUT PREJUDICE** Plaintiff's request for costs associated with his Motion to Compel pending the ultimate resolution of this discovery dispute.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 6, 2017
Columbia, South Carolina

---

[3] The court declines to decide Defendants' request for a protective order made at the end of their Response because under Fed. R. Civ. P. 7(b)(1) such "[a] request for a court order must be made by motion." Additionally, according to Rule 37(a)(5)(B) "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Here, Defendants have offered no explanation or citation to legal authority regarding whether Plaintiff's motion was substantially unjustified or whether awarding attorney's fees would be unjust.